UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

DAVID LEDO, as father, natural guardian
and next friend of D.L., a minor,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff D.L., a minor, by and through his father, natural guardian, and next friend David Ledo, a Florida citizen and resident, sues Defendant ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1.    This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2.    Plaintiff D.L. is a minor who is a resident of the state of Florida and is proceeding by and through his father, natural guardian, and next friend DAVID LEDO, who is also a resident of the state of Florida.

3.    Defendant ROYAL CARIBBEAN is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

D.L. Jr., ETC. v. CARNIVAL CORP.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1333, based on admiralty. The events resulting in Plaintiff's injury as alleged below took place on navigable waters and arose out of traditional maritime activity, the operation of a passenger cruise vessel.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that general in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

7. Venue is also proper because in the operative ticket contract between the parties, drafted by or on behalf of the Defendant, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract on January 13, 2020. A copy of the notice of claim, made by certified mail, is attached as Exhibit 1.

9. The Defendant has agreed to extend the time to file suit provided by the ticket contract, so the filing of this action is timely.

**LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS**

D.L. Jr., ETC. v. CARNIVAL CORP.

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the A/S "ALURE OF THE SEAS"

11. At all material times, the Plaintiff was a fare-paying passenger on board the A/S "ALURE OF THE SEAS" and in that capacity was lawfully present on board the vessel.

12. At all material times, including the injury date of July 13, 2019, there existed a dangerous condition in and near the kids' room inside the bathroom specifically water or a wet, slippery substance on the floor, creating a slip and fall hazard for passengers entering into and leaving the kids' restroom.

13. At all material times, the floor referenced in the preceding paragraph was in a high traffic area due to its frequent use by passengers enjoying the kids' room and other nearby amenities and accordingly frequently going and coming into the restroom in the kid's room. The floor was frequently traversed by passengers using the kids' room and restroom, tracking water and other liquids between the restroom and the kid's room.

14. At all material times, including the injury date of July 13, 2019, the Defendant had actual or constructive notice of the water or wet, slippery substance on the in and near the entrance to the restroom described above. Defendant had constructive notice from inspections of the area by its crewmembers, prior slip and fall incidents due to water at or near the restroom on the A/S "ALURE OF THE SEAS" and other vessels of the same class due to the presence of water or wet, slippery contaminants, and the existence of the wet slippery condition described above for a sufficient period of time to invite corrective measures.

15. On July 13, 2019, while lawfully present as a fare paying passenger aboard the A/S "ALURE OF THE SEAS", Plaintiff was entering the restroom referenced in Paragraph 13 above

when he slipped on water or a wet, slippery substance, thereby falling and sustaining injuries including injuries to his forehead.

16. As a direct and proximate result of the slip and fall described in the preceding paragraph, Plaintiff was injured in and about his body and extremities, sustaining injuries including injuries to his forehead, suffered pain and mental anguish therefrom and sustained disfigurement, disability and the inability to lead a normal life. Furthermore, he incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries, the future medical damages being reasonably certain to occur. These damages are permanent or continuing in nature and Plaintiff will continue to sustain and incur these damages in the future.

## **COUNT I - NEGLIGENT MAINTENANCE**

17. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

18. At all material times Defendant ROYAL CARIBBEAN owed the Plaintiff, D.L., as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety, including a duty to maintain the floor(s) referenced in Paragraph 13 in a reasonably safe condition for passenger use.

19. At all material times there existed a dangerous condition in and near the entrance to the kid's restroom adjacent to or near the kid's room on the A/S "ALURE OF THE SEAS" as described in Paragraph 13.

20. At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 12 above, for the reasons set forth in Paragraphs 13 and 14 above.

D.L. Jr., ETC. v. CARNIVAL CORP.

21. Notwithstanding its actual or constructive knowledge of the dangerous condition of the staircase referenced in Paragraph 13, Defendant ROYAL CARIBBEAN failed to correct the hazardous condition before the Plaintiff slipped and fell as alleged in Paragraph 16 above.

22. The specific material negligent acts and omissions by ROYAL CARIBBEAN included failure to conduct sufficient routine inspections of the floor(s) in question, failure to clean and dry wet, slippery areas on the floor of which it had actual or constructive notice, failure to apply mats or other non-skid or skid resistant coverings or materials to the floor(s) at the material times, and failure to cordon off the dangerous area or direct passenger foot traffic away from it. ROYAL CARIBBEAN was thereby negligent in its maintenance of the area described in Paragraph 13.

23. As a direct and proximate result of the negligence of ROYAL CARIBBEAN described above, Plaintiff, D.L., slipped and fell as described in Paragraph 16 above and thereby has sustained and will continue in the future to sustain the damages described in Paragraph 16 above.

**WHEREFORE,** the Plaintiff, D.L., demands judgment against Defendant ROYAL CARIBBEAN for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN

24. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

25. At all material times Defendant ROYAL CARIBBEAN owed Plaintiff D.L., as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety,

D.L. Jr., ETC. v. CARNIVAL CORP.

including a duty to warn her of onboard conditions posing hazards, such as the wet and slippery condition of the floor(s) referenced in Paragraph 13.

26.     At all material times there existed hazardous conditions on the subject floor referenced in Paragraph 13, as described in Paragraph 13.

27.     At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 13 above, for the reasons set forth in Paragraphs 13 and 14 above.

28.     Notwithstanding its actual or constructive knowledge of the dangerous condition of the subject restroom entrance referenced in Paragraph 13, Defendant ROYAL CARIBBEAN failed at all material times to warn passengers including the Plaintiff adequately of it by orally delivered or written warnings, appropriate signage or markings, cordoning off the dangerous area, or otherwise, and thereby failed to exercise reasonable care for the safety of its passengers, including Plaintiff, and was thereby negligent.

29.     As a direct and proximate result of the negligence of ROYAL CARIBBEAN described above, the Plaintiff D.L. slipped and fell as described in Paragraph 16 above and thereby has sustained and will continue in the future to sustain the damages described in Paragraph 17 above.

**WHEREFORE,** Plaintiff D.L., demands judgment against Defendant ROYAL CARIBBEAN for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

D.L. Jr., ETC. v. CARNIVAL CORP.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 12th day of July 2022.

                                    *s/Nicholas I. Gerson*
                                    Philip M. Gerson, Esq.
                                    Florida Bar No.: 127290
                                    pgerson@gslawusa.com
                                    Nicholas I. Gerson, Esq.
                                    Florida Bar No. 20899
                                    ngerson@gslawusa.com
                                    Edward S. Schwartz, Esq.
                                    Florida Bar No. 346721
                                    eschwartz@gslawusa.com
                                    David L. Markel, Esq.
                                    Florida Bar No. 78306
                                    dmarkel@gslawusa.com
                                    Gerson & Schwartz, P.A.
                                    1980 Coral Way
                                    Miami, Florida 33145
                                    Telephone:    (305) 371-6000
                                    Facsimile:    (305) 371-5749
                                    ***Attorneys for Plaintiff***

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com